IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   BRENDA OTTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| (1)   TEAMSTERS LOCAL UNION NO. 886 and | ) ) | |
| (2)   INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff files this action against Defendants and by way of complaint against Defendants alleges the following:

### I. Nature of Action

1.1   This action seeks redress for Defendants' violation of the laws in connection with the employment of Plaintiff.  The action specifically seeks to enforce rights created under the  Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (the "LMRA") for breach of agreement and/or Bylaws in the failure to pay severance pay benefits upon closing the office in which Plaintiff worked.  Plaintiffs also brings this for declaratory judgment that Defendants have violated the record keeping and overtime provisions of the FLSA, 29 U.S.C. §§206(a), 207(a) and 211(c), and to recover unpaid compensation, as well as liquidated damages, attorney's fees, and costs, pursuant to the provisions of §§ 6, 7, and 16(b) of the FLSA  [29 U.S.C. §§ 206, 207].   Plaintiff further

1

brings claims under Oklahoma common law and Oklahoma's Wage Claim seeking recovery of unpaid sick/vacation leave, wages, liquidated damages, attorney fees and costs.

## II.  Jurisdiction and Venue

2.1  This Court has jurisdiction over this matter pursuant to Section 301 of the LMRA and 28 U.S.C. § 1331, 1337 and 2201.  This suit is authorized and instituted pursuant to § 16(b) of the FLSA [29 U.S.C. §216(b)].

2.2  Venue is proper in this Court, pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 185(a).  Pursuant to the Bylaws/Agreement, the principal office of the organization is Oklahoma City, OK and the local office employing Plaintiff has ceased operations. Plaintiff's paystub was issued from the Oklahoma City office.  Plaintiff took direction and control from the Oklahoma City office.  The decision to close the office of Plaintiff was made from the Oklahoma City office.   The business records regarding Plaintiff's employment and witnesses are located in Oklahoma City.

2.3  This Court has pendent jurisdiction over the state law claims as the claim arose under the same set of facts as the federal statutory claims.

## III.  Parties

3.1  Plaintiff is a female citizen of the United States and a resident of Tulsa County, Oklahoma.

3.2  Defendant TEAMSTERS LOCAL UNION NO. 886 is a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5), with its principal office located at 3528 W. Reno Ave., Oklahoma City, OK. 73008.   Process may be

served upon its duly authorized Secretary Treasurer and Trustee, 3528 West Reno Avenue, Oklahoma City, OK 73008.

3.3    Defendant INTERNATIONAL BROTHERHOOD OF TEAMSTERS is affiliated with and Trustee for TEAMSTERS LOCAL UNION NO. 886 with full control of financial operations of Defendant TEAMSTERS LOCAL UNION NO. 886. Process may be served upon its General President:  Sean O'Brien, 25 Louisiana Avenue, NW, Washington, DC. 2001.

### Background Facts

4.1    At all relevant times, Defendants maintained a principal office in Oklahoma City, Oklahoma and a sub office in Tulsa, Oklahoma.

4.2    At all relevant times, office staff employed by Defendants worked subject to the Bylaws of the Local Union 886 of the General Drivers, Chauffeurs and Helpers affiliated with the General Brotherhood of Teamsters.  Oklahoma City, Oklahoma Revised 9/8/98, 7/24/03, 4/27/07, 2/08/14, 3/14/15 [hereinafter Agreement].

4.3    At all relevant times, Defendant INTERNATIONAL BROTHERHOOD OF TEAMSTERS was also the Trustee of Defendant TEAMSTERS LOCAL UNION NO. 886.

4.4    Plaintiff began employment approximately October 2016 at Defendants' sub office in Tulsa. Plaintiff was the only employee working at the Tulsa sub office.

4.5    As an employee for Defendants, Plaintiff was a member of the Local Union 886 of the General Drivers, Chauffeurs and Helpers affiliated with the General Brotherhood of Teamsters.

3

4.6     Defendants' compensated Plaintiff at an hourly rate.

4.7     Plaintiff did not exercise discretion or use business judgment.  Plaintiff was not exempt under the FMLA.

4.8     At all relevant times, Plaintiff's chief duties consisted of responding to requests from businesses seeking a referral for a member(s) of the Union for a task needed performed.  Plaintiff would consult the list of members, obtain availability and refer the union member to the business vendor contact.  Retention or hiring decisions were made by the business vendor.

4.9     The needs for union member services included but not limited to transportation, catering and handling animals.

4.10    Plaintiff also assisted union members with benefits and did general bookkeeping, including vendor billing and union dues.

4.11    Plaintiff was at all times subject to the terms and conditions of the Agreement.

4.12    Plaintiff always met or exceeded performance standards.  At termination, Plaintiff was paid at an hourly rate of $32.28 and not classified as exempt.

4.13    Plaintiff maintained regular office hours of 8 am to 5 pm weekdays.

4.14    After Plaintiff left the office, she was instructed to remain available to respond to business matters afterhours and weekends.  Plaintiff usually worked 7 days a week and responded to calls and handled matters after regular office hours and weekends.

**Overtime Worked without Pay**

4.15   Plaintiff routinely worked in excess of 40 hours per workweek. The relevant three years before her termination, Plaintiff worked on average 60 hours a week or 20 hours in excess of 40 per workweek.

4.16   Defendants only compensated Plaintiff for 40 hours at her regular hourly rate. Defendants never paid Plaintiff wages or overtime for hours worked after 40 hours each workweek.

4.17   By correspondence March 17, 2025, the Defendant Teamsters Local 886, Oklahoma City office, sent to Plaintiff a letter advising of an investigation of the Tulsa sub office by Defendant International Brotherhood of Teamsters as Trustee and placement of Plaintiff on administrative leave with pay until further notice.

4.18   Plaintiff was never accused of any wrongdoing nor charged with anything. The Oklahoma City office had engaged in financial wrongdoing.

4.19   By correspondence March 31, 2025, the Defendant Teamsters Local 886, Oklahoma City office, sent to Plaintiff a letter advising of administrative leave *without* pay "until a final determination is made regarding your future employment status . . . ".

4.20   Upon receipt of the letter, Plaintiff called George McCaffrey, counsel for Defendants. Mr. McCaffrey advised Plaintiff to refrain from filing for Oklahoma unemployment benefits as she was technically still an employee of Defendants and had not been terminated.

4.21   In reliance upon these representations of McCaffrey and the letter that she was still employed with Defendants, Plaintiff remained on leave without pay and did not

file for unemployment benefits nor engage in job search efforts or seek replacement employment. Additionally, Plaintiff refrained from using her accrued vacation during her leave without pay.

**Office Closed**

4.22   By correspondence from Defendants dated May 22, 2025, Plaintiff's employment ended by "permanent layoff" due to "lack of work" effective March 30, 2025.

4.23   The Tulsa sub office was being permanently closed. Plaintiff's employment did not end by discharge for cause.

**Agreed Severance Not Paid**

4.24   Pursuant to the Agreement, Plaintiff was eligible for severance pay at a prescribed formula.

4.25   The Agreement prescribed the following:

Section 33

SEVERANCE PAY

An elected official or any employee on the payroll of Local Union No. 886 whose employment is terminated, except anyone discharged for a dishonorable act against Local Union. No. 886 will be paid a severance pay in accordance with the following schedule, unless a greater amount is authorized by the membership at a General Meeting. Car allowance shall not be included.

1 year service with Local Union No. 886 will be 1 weeks pay
3 years service with Local Union No. 886 will be 2 weeks pay
5 years service with Local Union No. 886 will be 3 weeks pay
7 years service with Local Union No. 886 will be 4 weeks pay
9 years service with Local Union No. 886 will be 5 weeks pay
Over 10 years service with Local Union No. 886 will be 6 weeks pay

4.24 At termination, Plaintiff had been employed for over 10 years. Thus, under the terms of the Agreement, Plaintiff was due 6 weeks of pay or $7,747 [$32.28 x 40 hrs x 6 weeks].

4.25 Defendants have failed and refused to pay to Plaintiff the agreed severance benefit.

**Accrued Vacation and Sick Pay Not Paid**

4.26 Under policy, vacation and sick leave accrued at a rate based upon service. At the end of each year, Plaintiff would receive a payment for accrued and unused vacation and sick pay.

4.27 Under the terms of her employment, Plaintiff was entitled to accrued and unused vacation and sick pay upon closing of the office.

4.28 Based upon information and belief, her accrued and unpaid vacation upon office closing was 6 weeks and accrued and unpaid sick leave was one week.

4.29 Plaintiff has demanded these payments. Defendants have refused payment.

4.30 As Trustee of Defendant TEAMSTERS LOCAL UNION NO. 886, the decision to refuse any payment of Plaintiff was made by INTERNATIONAL BROTHERHOOD OF TEAMSTERS.

**COUNT I:  Breach of Contract**

**LMRA Section 301**

5.1 Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.30 of this Original Complaint.

5.2    The Agreement is clear and unambiguous regarding severance pay upon closing of the Tulsa sub office.

Section 33

SEVERANCE PAY

"... any employee on the payroll of Local Union No. 886 whose employment is terminated . . . will be paid a severance pay in accordance with the following schedule . . .

Over 10 years service with Local Union No. 886 will be 6 weeks pay ".

5.3    Plaintiff was eligible for 6 weeks of severance pay under the terms of the Agreement upon office closing.   Defendants closed Plaintiff's sub office and refuse to pay to her the agreed severance benefits as defined by the Agreement.

5.4    Plaintiff seeks damages for breach of the Agreement under the LMRA Section 301 (29 U.S.C. Section 185) including unpaid severance pay and/or accrued vacation/sick pay.

**COUNT II:  Oklahoma Wage Claim**

6.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.4 of this Original Complaint.

6.2    The failure to provide and pay to Plaintiff her wages, severance benefits and/or accrued vacation/sick leave is a violation of 40 O.S. §§ 165.1, 165.3, 165.9, 197.4, 197.9, *inter alia*.

6.3    The damages for such violation of the wage claim statute is her earned,

accrued and unpaid severance, wages and/or accrued vacation/sick leave with prejudgment interest on such sums through payment, double (or liquidated) damages equal to that principal sum for such non-payment, prejudgment interest and attorney's fees.

### COUNT III: Breach of Contract

7.1   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 6.3 of this Original Complaint.

7.2   The failure to provide to and pay to Plaintiff her accrued wages and/or vacation/sick leave is a breach of contract.

7.3   The damages for such breach of contract is her earned, accrued and unpaid wages and/or vacation/sick together with prejudgment interest on such sums through payment, and attorney fees and costs.

### COUNT IV:  Promissory Estoppel/Quantum Meruit

8.1   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 7.3 of this Original Complaint.

8.2   Defendants placed Plaintiff on leave without pay until further notice while a determination is made as the future of the Tulsa sub office.  Defendants arrangement with Plaintiff was to keep her available to resume operations of the Tulsa office.

8.3   Defendants, through their counsel, advised Plaintiff to refrain from seeking unemployment benefits as she was still an employee and not terminated.

8.4	Defendants made the representations with the expectation that Plaintiff would remain on leave, not file for unemployment benefits, not use accrued vacation and sick leave and refrain from a job search for replacement wages.

8.5	Plaintiff relied upon the representations by remaining on leave, not filing for unemployment benefits and refraining from a job search for replacement wages.

8.6	Defendants benefited from the representations by having Plaintiff available for resuming Tulsa office operations after the internal investigation and savings for payment to Plaintiff of unemployment benefits and vacation and sick leave.

8.7	Defendants are further estopped from denying wages to Plaintiff during leave and denying accrued vacation and sick leave.

8.8	Defendants' representations to Plaintiff was made with the intention or reason to believe that Plaintiff would reply upon it.  Plaintiff reasonably relied upon the representation to her detriment by staying on administrative leave without pay, not filing for unemployment, not seeking replacement employment and not using accrued vacation and sick leave.  Plaintiff was led to believe that filing for unemployment benefits would jeopardize her retention after the investigation was completed.

8.9	As a direct and proximate result of Defendants' conduct as described under this Count, Plaintiff has been damaged by the loss of wages during leave, unemployment benefits and use of vacation and accrued vacation pay.

8.10	Defendants have been unjustly enriched through Plaintiff's retention during leave without pay, convenience of her availability upon a decision, and monetary savings from payment of vacation and sick leave and unemployment benefits.

## COUNT V: OVERTIME CLAIM

9.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 8.10 of the Original Complaint.

9.2     At all times material to this action, Defendants were an employer of the Plaintiff within the meaning of § 3(d) of the FLSA [28 USCS § 203(d)], and that the Plaintiff was an employee employed by the Defendants within the meaning of §§ 203(e) and (g) of the FLSA [29 USCS § 203(e) and (g)].

9.3     At all times material to this action, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1)(A)(I) and (ii) of the FLSA.

9.4     At all material times three years preceding this filing, Defendants violated §11(c) of the FLSA, 29 U.S.C. §211(c), by failing to record the hours of work of Plaintiff.

9.5     During the period of Plaintiff's employment, Plaintiff regularly worked longer than 40 hours per workweek and was not paid overtime compensation for work exceeding 40 hours per workweek at the rate of not less than one and one-half times the regular rate at which she was employed, in violation of § 7(a) of the FLSA [29 USCS § 207(a)].

9.6     By failing to compensate Plaintiff at one and one-half times her rate of compensation at all material times three years from filing this action, Defendants have violated and continues to violate § 7 of the FLSA, 29 U.S.C. § 207, which requires that

an employee be compensated at one and one-half times her regular compensation rate for those hours worked in excess of 40 hours per week.

9.7   Defendants' violations of the FLSA were/are willful within the meaning of 29 U.S.C. § 263 and 29 U.S.C. § 255.

9.8   Defendants, notwithstanding Plaintiff's demand, have failed and refused, and continues to fail and refuse, to pay the Plaintiff the amounts due to he as overtime compensation.

9.9   That as a result of Defendants' failure and refusal to pay the amounts due to Plaintiff, Plaintiff was forced to bring this action, and to engage the services of the undersigned attorneys and to incur the expenses of the litigation.

## Prayer for Relief

WHEREFORE, PLAINTIFF prays that this Court:

1.   A judgment that Defendants have engaged in all of the conduct alleged in this Original Complaint, and that Defendants have, by engaging in such conduct, violated the LMRA, FLSA and Oklahoma law.

2.   Enter a money judgment awarding Plaintiff damages in an amount equivalent to her past unpaid overtime compensation, said amount to be proven by Plaintiff at trial;

3.   Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in 29 U.S.C. § 216(b), said amount also to be proven by Plaintiff at trial;

4. A judgment against Defendants awarding Plaintiff an amount equal to the unpaid severance benefits, wages and accrued vacation/sick leave in violation of the LMRA and Oklahoma law.

5. Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in the Oklahoma Protection of Labor statutes;

6. A judgment against Defendants awarding Plaintiff compensatory damages as redress for Defendants' unlawful conduct under the LMRA and Oklahoma law;

7. Award Plaintiff with a reasonable attorney's fee and costs;

8. Award Plaintiff such other relief as may be just and proper, including interest.

Respectfully submitted,

S/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
5621 N. Classen Blvd.
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Facsimile:    (405) 842-6132

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of her claims in this action.

s/ Jeff A. Taylor
Jeff A. Taylor